UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL L. JOHNSON                                                    PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:06CV-49-R

VALUE CITY DEPT. STORE                                               DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Michael L. Johnson, filed a *pro se* civil rights complaint against Defendant

Value City Department Store (DN 1).  Since Plaintiff is proceeding *in forma pauperis*, this Court

must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997).  For the reasons set forth herein, the instant action will be

dismissed for failure to state a claim.

## I.  SUMMARY OF CLAIMS

On December 17, 2005, Plaintiff accompanied his thirty-year-old nephew, Lonnie Wayne

Johnson, to Defendant's 3420 Preston Highway store in Louisville, Kentucky.  Plaintiff's

nephew was shopping for boots.  Plaintiff, however, does not indicate that he intended to

purchase anything from Defendant's store on the day in question, and Plaintiff's nephew is not a

party to this action.

Due to Defendant's sparse selection, Plaintiff and his nephew had difficulty finding the

right size boots.  After about ten minutes of browsing, the two men noticed a "dark skinned

African-American man" staring at and following them as they moved through the shoe

department.  After a few minutes, the gentleman approached Plaintiff and his nephew and stated

that the store was expecting a new shipment of shoes on Thursday.  Plaintiff complains that the

man then "continued to stare and peep around corners and harass us."  Plaintiff does not state

whether his nephew actually purchased any boots and further does not allege whether they were forced to terminate their shopping excursion prematurely as a result of the harassment they allegedly suffered.

When Plaintiff returned to his home, he called the called the store's manager to complain about the incident.  He reports that he was eventually told by management that the store had not employed "any blacks in security for over a year."  Plaintiff believes that this statement was a lie.  Plaintiff alleges that he and his nephew were targeted by Defendant and subjected to the conduct described above solely because they are African-American males and were wearing the "the so called thug gear, big coats and toboggans."  Furthermore, Plaintiff states that based on his life's experiences he believes that the Defendant likely hired the American-African gentlemen he and his nephew encountered to "racially profile other blacks so that if they get caught racism charges can't be brought up."

## II.  STANDARD OF REVIEW

Upon initial review, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, a court must accept all factual allegations

contained in the complaint as true and must also construe the pleading in the light most favorable

to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.  ANALYSIS

Though Plaintiff does not indicate which civil rights remedy he is invoking, it

appears that he is seeking relief pursuant to 42 U.S.C. § 1981, which prohibits racial

discrimination with respect to the right to make and enforce contracts with both public and

private actors.  42 U.S.C. § 1981.  The statute's protection extends to "the making, performance,

modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms,

and conditions of the contractual relationship."  *Id.*

"While § 1981 is generally invoked in the employment context *e.g.*, claims of hostile

environment, failure to promote, or wrongful dismissal, litigants have also brought suit under the

statute for claims of discrimination in retail and service settings."  *Christian v. Wal-Mart Stores*,

252 F.3d 862, 868 (6th Cir. 2001).  In the Sixth Circuit to establish a prima facie § 1981

commercial establishment case, a plaintiff must prove:

> (1) plaintiff is a member of a protected class;
>
> (2) plaintiff sought to make or enforce a contract for services
>  ordinarily provided by the defendant; and
>
>  (3) plaintiff was denied the right to enter into or enjoy the benefits
> or privileges of the contractual relationship in that (a) plaintiff was
> deprived of services while similarly situated persons outside the
> protected class were not and/or (b) plaintiff received services in a
> markedly hostile manner and in a manner which a reasonable person
> would find objectively discriminatory.

*Id. at* 872.  With this test in mind, the Court must now evaluate whether Plaintiff has stated a

cognizable claim against Defendant Value City Department Store under § 1981.

Plaintiff alleges that he is African-American.  As an African-American, he is a member of a protected class.  Thus, Plaintiff satisfies the first prong of the analysis.

The second prong, however, is more problematic for Plaintiff.  In *Christian*, the Sixth Circuit clearly indicated that in order to satisfy the second prong of the test, a plaintiff must show that "she **intended to make a purchase** and was asked to leave the establishment in order to prevent her from making the purchase on account of her race . . . ." *Id.* at 873 (emphasis added) (citing *Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 243 (6th Cir. 1990)).  The court also concluded that in that case it had "no trouble" finding the plaintiff sought to enter into a contract ordinarily provided by the defendant store.  *Id.* at 874.  The court pointed out that the plaintiff "had selected merchandise to purchase, had the means to complete the transaction, and would, in fact, have completed her purchase had she not been asked to leave the store." *Id.*

This case presents markedly different facts.  Plaintiff states that he accompanied his nephew to Defendant's store because his nephew wanted to purchase some boots.  Plaintiff does not allege that he intended to purchase anything from Defendant's store.  Furthermore, beyond the fact that Plaintiff was browsing with his nephew in Defendant's store for a period of time, there is no allegation that he sought an actual contractual relationship with Defendant after he arrived at the store.  In fact, his complaint indicates precisely the opposite.  Reading every possible inference in Plaintiff's favor, the most that can be said is that Plaintiff was browsing in Defendant's store and that Defendant's employee's acts of watching and following Plaintiff disturbed, distressed and interrupted Plaintiff's browsing.  Such facts do not satisfy the "make and enforce" a contract prong of *Christian*, and therefore, are not sufficient to assert a claim

against a retail establishment for a violation of  §1981 in the Sixth Circuit.[1]

Other courts are in agreement with this conclusion.  The preeminent case is *Morris v. Office Max, Inc.*, 89 F.3d 411 (7th Cir. 1996).  There, the plaintiffs, two African-Americans, were browsing innocently in defendant's office supply store.  Management became suspicious that the men might be shoplifting and called the police.  *Id.* at 412.  The police arrived and questioned the two men.  By the time the police, arrived one of men had completed his purchase, and the other had decided not to purchase any items that day.  The police did not find any evidence of wrongdoing by the two men and left the store.  The plaintiffs then sued the store for violating § 1981.  The Seventh Circuit rejected the suit on the ground that the plaintiffs could not "point to specific facts showing that Office Max deprived them of any of the enumerated rights in § 1981 . . . specifically, the right to make and enforce a contract. They were denied neither admittance nor service, nor were they asked to leave the store." *Id.* at 414.

The Tenth Circuit considered a similar case in *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1117-18 (10th Cir 2001).  There the court rejected an African-American woman's § 1981 claim that her ejection from a store was racially-motivated because she failed to show that she that she intended to make a purchase.  The court refused to extend § 1981 "beyond the contours of a contract" and held that "there must have been interference with a contract beyond the mere expectation of being treated without discrimination while shopping." *Hampton*, 247

---

[1]Three years prior to *Christian*, the Sixth Circuit rejected a remarkably similar claim in an unpublished decision. *See Turner v. Fashion Bug Dep't Store*, No. 99-317, 1999 U.S. App. LEXIS 32576,*6 (6th Cir. Dec. 9, 1999) (holding that the plaintiff could not state a § 1981 claim because he was just "browsing" and the fact that he "may have made a purchase if he had found something he wanted to buy does not amount to a present intent to enter into a contract.") (citing  *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996)).

F.3d at 1118.

Likewise, in *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751-53 (5th Cir. 2001), the Fifth Circuit upheld the district court's grant of summary judgment in favor of the store on plaintiff's § 1981 claim.  There, the plaintiff was browsing in the store when an employee suspected the plaintiff of shoplifting.  A security officer then followed the plaintiff to the parking lot.  Plaintiff returned to the store to confront the security officer and was accused of shoplifting. She was then arrested, searched, and temporarily banned from the store.  *Id.* at 746-47, 751.  In analyzing the plaintiff's § 1981 claim, the court held that she was required to "establish the loss of an actual, not speculative or prospective, contract interest."  *Id.* at 751.  The court held that there was no evidence indicating that plaintiff "made any tangible attempt to purchase, or to return, specified goods at the store, or to enter any other contractual agreement with Dillard's." *Id.* at 753.  Accordingly, her claim was denied.  *See also, Wesley v. Don Stein Buick, Inc.*, 42 F. Supp. 2d 1192, 1199-1200 (D. Kan. 1999) (granting summary judgment for defendants on plaintiff's section 1981 claim on the basis that there was no evidence that "plaintiff intended to purchase a car during her visit"); *Sterling v. Kazmierczak*, 983 F. Supp. 1186, 1191-92 (N.D. Ill. 1997) (granting motion to dismiss plaintiff's § 1981 claim on the basis that plaintiff could only show he was "browsing about the store").

Here, fatal to Plaintiff's complaint, is the absence of any allegation that he entered Value City with the intent to make a purchase or formed the intent to do so after arriving at the store. Because Plaintiff cannot satisfy *Christian's* second prong the Court must dismiss his § 1981 claim for failure to state a claim.  Accordingly, there is no need for the Court to consider whether Plaintiff has satisfied *Christian's* third prong.

The Court will enter an order consistent with this memorandum opinion.

Date:

cc:  Plaintiff, *pro se*

4413.008